Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Don P. Martin (#004232)
dmartin@quarles.com
James A. Ryan (#009253)
james.ryan@quarles.com
Nicole France Stanton (#020452)
nicole.stanton@quarles.com

*Attorneys for Defendants Polsinelli Shughart P.C., Thomas Irvine, and Edward Novak*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Joseph M. Arpaio, in his official capacity as Maricopa County Sheriff, and Andrew P. Thomas, in his official capacity as Maricopa County Attorney,

Plaintiffs,

v.

Maricopa County Board of Supervisors, a body politic and corporate; Fulton Brock, Supervisor, Maricopa County Board of Supervisors; Andrew Kunasek, Supervisor, Maricopa County Board of Supervisors; Donald T. Stapley, Jr. Supervisor, Maricopa County Board of Supervisors; Mary Rose Wilcox, Supervisor, Maricopa County Board of Supervisors; Max Wilson, Supervisor, Maricopa County Board of Supervisors; David Smith, County Manager; Sandi Wilson, Deputy County Manager; Wade Swanson, Office of General Litigation; Barbara R. Mundell, Judge of the Superior Court of Arizona, Anna Baca, Judge of the Superior Court of Arizona, Gary Donahoe, Judge of the Superior Court of Arizona, Kenneth Fields, Judge of the Superior Court of Arizona, in their official capacities; Thomas Irvine, attorney; Edward Novak, attorney; and Polsinelli Shughart P.C.,

Defendants.

NO. 2:09-cv-02492-GMS

**THE POLSINELLI DEFENDANTS' MOTION TO DISMISS**

(Oral Argument Requested)

Pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6), Defendants Polsinelli Shughart, P.C., Thomas Irvine, and Edward Novak (collectively, the "Polsinelli Defendants"), by and through their undersigned counsel, hereby move to dismiss the Complaint filed by Plaintiffs Joseph M. Arpaio, in his official capacity as Maricopa County Sheriff, and Andrew P. Thomas, in his official capacity as Maricopa County Attorney. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES.

## I. INTRODUCTION.

> ***Have you no sense of decency, sir, at long last? Have you left no sense of decency?***
>
> -Joseph Welch to Sen. Joseph McCarthy
> Army-McCarthy Hearings, June 9, 1954

For quite some time now, the Maricopa County Attorney and Maricopa County Sheriff have been at odds with the County Supervisors and Administrators, their lawyers, and even the judges of the Maricopa County Superior Court. The struggle already has spilled over several times into the United States District Court for the District of Arizona. It's back again.

Having racked up a spectacular string of losses in both the state and federal courts thus far, the County Attorney and County Sheriff filed this action, escalating the dispute by publicly labeling their adversaries -- including a prominent national law firm and four highly respected Superior Court Judges -- as "racketeers." The First Circuit Court of Appeals once referred to civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 <u>et seq.</u>, as "the litigation equivalent of a thermonuclear device." <u>Miranda v. Ponce Fed. Bank</u>, 948 F.2d 41, 44 (1st Cir. 1991). The Court's observation certainly fits the devastating damage to reputations that can result from being publicly slandered as a "racketeer." Long after this case joins the other costly

losses in Plaintiffs' rapidly growing string of defeats, that damage will linger on.

As is discussed below, Plaintiffs' "thermonuclear device" is a dud. Plaintiffs have not suffered an actionable RICO injury to their businesses or property and lack standing to pursue these claims. Moreover, Plaintiffs have not alleged facts demonstrating a substantive violation of 18 U.S.C. §§ 1962(b) or (c) by the Polsinelli Defendants or any of the other Defendants. And Plaintiffs have not alleged facts demonstrating a valid claim for RICO conspiracy under 18 U.S.C. § 1962(d).

It is inconceivable that the top two law enforcement officers of Maricopa County, with all of the resources of the County Attorney's Office and the outside law firms that advise them, were unaware of the host of fatal defects in their RICO Complaint when they filed it. Indeed, the County Attorney was recently schooled by this Court and the Ninth Circuit on the type of direct, personal injury he must be able to assert in order to have Article III standing. See Thomas v. Mundell, 572 F.3d 756 (9th Cir. 2009). Either he paid no attention to those rulings or he just doesn't care what this Court and the Ninth Circuit have said.

For the reasons discussed below, the Complaint should be dismissed in its entirety and with prejudice.

## II. LEGAL STANDARD.

To avoid dismissal for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Courts will not assume that a plaintiff can prove facts beyond those alleged in the complaint. See Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc., 407 F.3d 1027, 1035 (9th Cir. 2005). Moreover, courts will not accept as true any unsupported conclusions and unwarranted inferences, couched as factual allegations. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950

(2009) (stating that pleadings which contain "no more than conclusions, [without any factual support], are not entitled to the assumption of truth"); Moss v. U.S. Secret Serv., 572 F.3d 962, 970 (9th Cir. 2009); Vasquez v. Los Angeles County, 487 F.3d 1246, 1249 (9th Cir. 2007) (assuming allegations set forth in complaint as true on motion to dismiss, but disregarding conclusory allegations and unwarranted inferences); Pareto v. Fed. Deposit Ins. Corp., 139 F.3d 696, 699 (9th Cir. 1998). Rather, under Federal Rule of Civil Procedure 8(a), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

As the United States Supreme Court held earlier this year in Ashcroft v. Iqbal, Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at ___, 129 S. Ct. at 1949. The Court emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and that such thin pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at ___, 129 S. Ct. at 1949-50. In order to be "facially plausible" the facts, as pled, must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). This requires "more than a sheer possibility that a defendant has acted unlawfully," and more than an assertion of facts that are "merely consistent with" a defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). Plaintiffs' Complaint does not come close to stating a "plausible" RICO claim against the Polsinelli Defendants -- or any of the other Defendants.

## III. PLAINTIFFS LACK STANDING TO ASSERT A CIVIL RICO CLAIM.

### A. Plaintiffs Lack Standing to Assert a Federal Civil RICO Claim Under Article III of the United States Constitution.

"Standing is a necessary element of federal-court jurisdiction under Article III of the Constitution." Thomas, 572 F.3d at 760. To have standing to sue in federal court, "the plaintiff must have suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Plaintiffs do not come close to satisfying this standard.

Earlier this year, in Thomas v. Mundell, the Ninth Circuit affirmed this Court's ruling that County Attorney Thomas lacked standing under Article III to challenge the Maricopa County Superior Court's Spanish-speaking and Native American DUI probation programs because he could not demonstrate that he had sustained any particularized, personal injury. Id. at 761-62. The Ninth Circuit instructed Thomas that alleged injuries sustained in the performance of his duties as County Attorney did not constitute personal injuries sufficient to confer Article III standing, nor did any purported disadvantages allegedly suffered by the office of the County Attorney. Id. at 762.

In this case, neither Plaintiff identifies any personal injury to themselves that would provide Article III standing. Both are suing in their official capacities, just as Thomas was doing in Thomas v. Mundell, and both are alleging vague and conclusory "harms" to their governmental offices. For the same reasons articulated in Thomas v. Mundell, Plaintiffs lack Article III standing in this case, because neither the County Attorney nor the County Sheriff have identified any concrete, personal injury suffered in connection with the allegations of the Complaint.

**B. Plaintiffs Lack Standing to Assert a Civil RICO Claim Under 18 U.S.C. § 1964.**

In addition to the fact that Plaintiffs lack standing under Article III (a prerequisite to the filing of any federal-question claim, including a RICO claim), Plaintiffs lack standing to assert a civil RICO claim under 18 U.S.C. § 1964. See Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 975 n.7 (9th Cir. 2008). To state a civil RICO claim, a plaintiff must establish "(1) that his alleged harm qualifies as injury to his ***business or property***; and (2) that his harm was 'by reason of' the RICO violation, which requires the plaintiff to establish ***proximate causation***." Id. at 972 (quoting Holmes v. Sec. Inv. Prot. Corp., 503 U.S. 258, 268 (1992)) (emphasis added). Plaintiffs have not satisfied -- and cannot satisfy -- either requirement.

1. Plaintiffs Have Not Alleged a "Business or Property" Injury.

"A civil RICO 'plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.'" Canyon County, 519 F.3d at 975 (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)) (emphasis added). An injury to an intangible property interest and financial loss alone are insufficient to state a RICO claim. Id.; Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086-87 (9th Cir. 2002). Rather, a plaintiff must allege a "concrete financial loss" to a "specific business or property interest." Canyon County, 519 F.3d at 975 (quoting Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005)); see also Chaset, 300 F.3d at 1086-87; Thomas v. Baca, 2009 WL 117983, *1 (9th Cir. 2009).

In this case, Plaintiffs initiated this action in their "official capacities" as Maricopa County Sheriff and Maricopa County Attorney, and have alleged damages to their official interests and those of their respective offices. Just last year, the Ninth Circuit emphasized that where, as here, a civil RICO action is initiated by a government entity, the phrase "injured in his business or property" "encompasses only injury to [the entity's]

'***commercial interests***,' meaning 'the interests of the [entity] as a party to a commercial transaction.'" Canyon County, 519 F.3d at 977 (emphasis added); see also Town of West Hartford v. Operation Rescue, 915 F.2d 92, 104 (2d Cir. 1990) (stating that municipality could not state RICO claim based upon its interest in the "general economy" or its "ability to carry out its functions"); Marlboro v. Scannapieco, 545 F. Supp. 2d 452 (D. N.J. 2008) (holding that governmental agency could not state RICO claim because it "failed to allege an injury to its business or property"). In other words, in the context of a civil RICO claim, the "phrase 'business or property' excludes [the government actor's] interests in their sovereign or quasi-sovereign capacities." Canyon County, 519 F.3d at 977. Government actors, such as Plaintiffs, therefore would only have standing to the extent that their alleged injuries are related to their commercial "interests as ordinary marketplace actors." Id. at 977-78.

Of course, Plaintiffs' Complaint is devoid of any factual allegation that Plaintiffs have suffered economic damages to their interests as ordinary marketplace actors. Indeed, Plaintiffs' alleged "damages" relate to purported injuries sustained by their respective governmental offices, "hurt feelings" as a result of statements allegedly made by some of the Defendants, and ephemeral "injuries" allegedly relating to State Bar complaints and judicial decisions or filings. As discussed below, none of these "injuries" relates to a "commercial interest" or otherwise rises to the level of a "business or property" interest sufficient to provide Plaintiffs standing to assert a civil RICO claim.

First, to the extent that Plaintiffs' civil RICO claims are based upon purported injuries sustained to their respective elected positions or their governmental offices, Plaintiffs lack standing because Arizona elected officials, including Plaintiffs, do not have property interests in their public offices. See, e.g., Mecham v. Gordon, 156 Ariz. 297, 302, 751 P.2d 957, 962 (1988) (recognizing that a public officer does not have a property right in his or her elected office); Constable Annette Clark v. Campbell, 219 Ariz. 66, 73,

193 P.3d 320, 327 (App. 2008) ("Our supreme court has recognized that an elected official has no vested right in the office which he holds."). Because Plaintiffs do not have property interests in their public offices, any alleged injury to their elected offices does not constitute a "business or property interest" sufficient to confer RICO standing on Plaintiffs.

Second, Plaintiffs' assertion that they have sustained unspecified injury as a result of alleged "intimidating" statements does not provide Plaintiffs with RICO standing.[1] Even if Plaintiffs could articulate some "concrete financial" harm which resulted from alleged statements made to "intimidate" them -- which they have not done and cannot do -- such harm cannot be plausibly characterized as a "commercial" or "business or property" injury for purposes of RICO standing. See, e.g., Genty v. Resolution Trust Corp., 937 F.2d 899, 918 (3rd Cir. 1991) (stating that emotional distress resulting from exposure to toxic waste were not actionable under RICO); Berg v. First State Ins. Co., 915 F.2d 460, 464 (9th Cir. 1990) (noting that loss of security and peace of mind due to cancellation of insurance policy were not actionable under RICO); Rylewicz v. Beaton Servs., 888 F.2d 1175, 1180 (7th Cir. 1989) (stating that alleged harassment and intimidation of litigants in an attempt to get them to settle lawsuit could not support RICO claim).

Finally, to the extent that Plaintiffs' claims are based upon purported injuries from the filing of State Bar complaints or judicial decisions or filings, Plaintiffs lack standing because they do not allege that such filings caused any actual harm to their "commercial," "business or property interests" sufficient to confer civil RICO standing. See Canyon County, 519 F.3d at 975.

---

[1] It is quite remarkable that Plaintiffs, who have mastered the art of using the awesome power of their respective offices to intimidate their adversaries, would claim to have been intimidated by Defendants. That hardly seems possible, much less plausible.

In sum, Plaintiffs have identified no injuries to their "commercial interests," or that otherwise rise to the level of a "business or property" interest, sufficient to provide them standing to assert a civil RICO claim. For this additional reason, Plaintiffs' Complaint should be dismissed in its entirety.

2. Plaintiffs Have Not Alleged That Their Purported Damages Were Proximately Caused By the Predicate Acts Alleged in the Complaint.

Even if Plaintiffs could identify injuries that are cognizable as "property or business" injuries (which is not the case), they would still lack standing to assert a civil RICO claim because none of the alleged RICO violations bears a direct causal connection to Plaintiffs' alleged harm. To have standing to bring a civil RICO claim, "[a] plaintiff must show that the defendant's RICO violation ***proximately caused*** her injury." Marceau v. Int'l Bhd. of Elec. Workers, 618 F. Supp. 2d 1127, 1167 (D. Ariz. 2009) (quoting Canyon County, 519 F.3d at 981) (emphasis added). A plaintiff cannot satisfy the proximate causation requirement simply by alleging that "the defendant violated § 1962, the plaintiff was injured, and the defendant's violation was a 'but for' cause of plaintiff's injury." Canyon County, 519 F.3d at 981 (quoting Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 265-66 (1992)). Rather, a plaintiff's injury must occur "by reason of the RICO violation" and bear "some direct relation between the injury asserted and the injurious conduct alleged." Id. "Where the violation is not itself the immediate cause of the plaintiff's injury, proximate cause may be lacking." Id.

Here, the fact that Plaintiffs have not identified any injury to their "business or property" interests ***necessarily*** means that Plaintiffs cannot satisfy the proximate causation requirement. That is, Plaintiffs have not demonstrated how the alleged acts of racketeering have proximately caused them injury because, as established in Section III(b)(1) supra, Plaintiffs have not identified any injury to their "business or property" interests. Plaintiffs therefore lack standing to assert a civil RICO claim.

## IV. EVEN ASIDE FROM THEIR LACK OF STANDING, PLAINTIFFS HAVE NOT STATED A VALID CIVIL RICO CLAIM.

Under a single heading, Plaintiffs assert claims against all Defendants under 18 U.S.C. §§ 1962(b), (c), and (d). As is discussed below, all three claims are defective and would be subject to dismissal even if Plaintiffs did have standing to assert them.

### A. Plaintiffs Have Not Stated a Valid Claim Under 18 U.S.C. § 1962(b).

By its terms, 18 U.S.C. § 1962(b) prohibits the "acquisition or maintenance" of control of an enterprise through a pattern of racketeering activity. To state a claim for relief under subsection (b), a plaintiff must allege an "acquisition or maintenance" injury which is ***separate and apart*** from the purported injury the plaintiff is alleged to have suffered as a result of the predicate acts of racketeering activity. That is, the plaintiff must demonstrate "a specific nexus between the control of the enterprise and the racketeering activity," and must also allege "an injury to plaintiff resulting from defendant's control or acquisition of a RICO enterprise." Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (quoting Sea-Land Serv., Inc. v. Atl. Pac. Int'l, 57 F. Supp. 2d 1048, 1055 (D. Hawaii 1999)), overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir. 2007); Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 328-29 (6th Cir. 1999) (dismissing 1962(b) claim where complaint did not allege facts supporting assertion that defendant acquired or maintained control over enterprise through racketeering activity). A plaintiff must show that his or her injury derives, not from the alleged predicate acts of racketeering (here, alleged bribery and extortion), but from the defendant's acquisition or maintenance of control over the enterprise. See Carnegie v. Household Int'l, Inc., 220 F.R.D. 542, 546-47 (N.D. Ill. 2004); Danielsen v. Burnside-Ott Aviation Training Ctr., Inc., 941 F.2d 1220, 1231 (D.C. Cir. 1991). Plaintiffs make no effort to satisfy these standards. Indeed, not a single paragraph of Plaintiffs' eighty-one paragraph Complaint alleges that Plaintiffs have

suffered any injury as a result of any Defendant's acquisition or maintenance of control of an enterprise.[2] Accordingly, Plaintiffs' claim under 18 U.S.C. § 1962(b) must be dismissed.

**B. Plaintiffs Have Not Stated a Valid Claim Under 18 U.S.C. § 1962(c).**

Under subsection (c) of 18 U.S.C. § 1962, it is a violation for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Id. To state a claim for relief under subsection (c), a plaintiff must sufficiently allege (1) the conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. See Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004). Among other deficiencies, Plaintiffs do not identify the alleged enterprise or enterprises, nor do they plead facts demonstrating plausibly that the Polsinelli Defendants -- or any Defendant -- committed predicate acts of racketeering.

1. Plaintiffs Have Not Identified the Alleged RICO "Enterprise."

To state a claim under 18 U.S.C. § 1962(c), a plaintiff must establish that the defendants were associated with an enterprise engaged in interstate commerce. Id. The existence of an enterprise is an element distinct from the pattern of racketeering activity. Boyle v. U.S., ___ U.S. ___, ___, 129 S. Ct. 2237, 2245 (2009) (holding that proof of racketeering activity does not necessarily establish the existence of an enterprise). In Boyle, the Supreme Court held that "an association-in-fact enterprise must have a structure," and that to establish the existence of an "association-in-fact" enterprise, a plaintiff must identify at least three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to

2 Indeed, as discussed below, Plaintiffs have not even identified the enterprise or enterprises allegedly at issue here. See infra Section IV(B)(1).

pursue the enterprise's purpose." Id. at ___, 129 S. Ct. at 2244.

Here, Plaintiffs provide nothing more than a vague and conclusory allegation of the enterprise (or enterprises) at issue: "The defendants are involved in an enterprise as they are all related by contract association, or a legal entity or as a group of individuals associated in fact." (Compl. ¶ 78.) The next sentence in that paragraph of the Complaint suggests that Plaintiffs actually contend there are multiple "enterprises," although they fail to say what they are. (Id.) At a minimum, Plaintiffs are obligated to identify the enterprise involved. See Roe v. Union Bank, 725 F.2d 478, 481-82 (D. Ariz. 1984); Dorian v. Harich Tahoe Dev., 1996 WL 925859, at *2 (N.D. Cal. 1996). They simply cannot satisfy this burden merely by describing a legal entity enterprise as an unidentified "legal entity," or an association-in-fact enterprise merely as an "association-in-fact." Such conclusory allegations do not come close to satisfying the standards set forth by the Supreme Court above, nor do they satisfy the pleading standards under Twombly and Iqbal.

2. Plaintiffs Have Not Pled the Elements of the Alleged Predicate Acts.

To state a claim for relief under 18 U.S.C. § 1962(c), a plaintiff must plead facts that demonstrate plausibly the elements of the purported predicate acts of criminal conduct. See, e.g., Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949-50; Twombly, 550 U.S. at 570. Under the pleading standards set forth in Twombly and Iqbal, general and conclusory allegations regarding the alleged predicate acts are insufficient. Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949-50; Twombly, 550 U.S. at 570.

In the Complaint, Plaintiffs allege predicate acts of extortion and bribery under A.R.S. §§ 13-1804 and 13-2602, respectively, but make no effort to identify by statutory subsection the particular type of extortion or bribery upon which they base their Complaint. (See Compl. ¶ 79.) Under A.R.S. § 13-1804, "a person commits theft by extortion by knowingly obtaining or seeking to obtain property or services by means of a

threat in the future to do any of the following":

> 1. Cause physical injury to anyone by means of a deadly weapon or dangerous instrument.
>
> 2. Cause physical injury to anyone except as provided in paragraph 1 of this subsection.
>
> 3. Cause damage to property.
>
> 4. Engage in other conduct constituting an offense.
>
> 5. Accuse anyone of a crime or bring criminal charges against anyone.
>
> 6. Expose a secret or an asserted fact, whether true or false, tending to subject anyone to hatred, contempt or ridicule or to impair the person's credit or business.
>
> 7. Take or withhold action as a public servant or cause a public servant to take or withhold action.
>
> 8. Cause anyone to part with any property.

Id. § 13-1801(A).

Under § 13-2602, a "person commits bribery of a public servant or party officer if, with corrupt intent":

> 1. Such person offers, confers, or agrees to confer a benefit upon a public servant or party officer with the intent to influence the public servant's or party officer's vote, opinion, judgment, exercise of discretion or other action n his official capacity as a public servant or party officer; or
>
> 2. While a public servant or party officer, such person solicits, accepts or agrees to accept any benefit upon an agreement or understanding that his vote, opinion, judgment, exercise of discretion or other action as a public servant or party officer may thereby be influenced.

Id. § 13-2602.

Even a cursory review of the Complaint in light of the foregoing elements reveals that Plaintiffs have made no effort to plead facts which plausibly demonstrate that the Polsinelli Defendants, or any other Defendant, committed bribery and extortion. Instead, Plaintiffs make general assertions that the Defendants provided or received legal representation, were present at or participated in certain judicial hearings, and filed State Bar complaints or made judicial decisions and filings. Yet, other than conclusory

assertions that such acts constitute bribery and extortion, Plaintiffs make no attempt to state how these acts plausibly satisfy the elements of A.R.S. §§ 13-1804 or 13-2602. Moreover, to the extent that Plaintiffs' claims are based upon purported injuries from the filing of State Bar complaints or judicial decisions or filings, Plaintiffs cannot base their claim of civil liability upon such acts because State Bar complaints and statements made in judicial proceedings are absolutely privileged under Arizona law. See, e.g., Sierra Madre Dev., Inc. v. Via Entrada Townhouses Assoc., 20 Ariz. App. 550, 514 P.2d 503 (1973); Drummond v. Stahl, 127 Ariz. 122, 125-26, 618 P.2d 616, 619-20 (App. 1980); see also Giambattisa v. McGovern, 974 F.2d 1329 (1st Cir. 1992) (recognizing that judges could not be held liable for civil RICO claim based upon judicial decisions, and that plaintiff failed to plead predicate acts of bribery and extortion against attorney where allegations were conclusory and based upon statements made in court or during litigation).

**C. Plaintiffs Have Not Stated a Valid Claim Under 18 U.S.C. § 1962(d).**

Plaintiffs' abject failure to plead a substantive violation of 18 U.S.C. § 1962(b) or (c) bars their effort to state a RICO conspiracy claim under section 1962(d). See, e.g., Howard v. Am. Online, Inc., 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO . . . the failure to allege substantive violations precludes their claim that there was a conspiracy to violate RICO."); Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367 n.8 (9th Cir. 1992) (same).

Plaintiffs' RICO "conspiracy" claim also fails because Plaintiffs have not alleged anything other than the unsupported conclusion "that a conspiracy exists between the defendants to commit bribery and/or extortion by hindering the prosecution of County officers, employees or associates for the racketeering activities alleged." (Compl. ¶ 81.) That kind of allegation has never been enough to state a claim for RICO conspiracy. Howard, 208 F.3d at 751; Goren v. New Vision Int'l, Inc., 156 F.3d 721, 733 (7th Cir.

1998) ("[A] complaint may be dismissed if it contains only conclusory, vague and general allegations of a conspiracy."). And it is certainly deficient under the pleading standards of Twombly and Iqbal. Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949-50; Twombly, 550 U.S. at 570.

## V. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Dismissal with prejudice is appropriate where any attempt to amend the complaint would be futile. See, e.g., Swartz v. KPMG, LLP, 476 F.3d 756, 761 (9th Cir. 2007) (affirming district court's dismissal of plaintiff's RICO claim with prejudice because "under any internally consistent set of facts, it would be futile to amend the RICO claim"); Diessner v. Mortgage Elec. Registration Sys., 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) (dismissing plaintiff's RESPA claim where amendment would be futile). As shown above, Plaintiffs lack standing to pursue RICO claims under Article III and 18 U.S.C. § 1964, and there is no set of facts under which Plaintiffs, suing in their official capacities, can conceivably amend their claims to state a concrete personal injury to themselves that would provide them with standing.

## VI. CONCLUSION.

As shown above, Plaintiffs' Complaint is riddled with fatal defects. They appear to have devoted far more thought and attention to the press release they issued when they filed this action than they did to their pleading.

If the County Attorney and County Sherriff truly believed that a prominent national law firm, the political and administrative leadership of Maricopa County, and the judicial leadership of the Superior Court were infested with "racketeers," one might have thought that they and their offices would actually have researched the law that controls these claims and Plaintiffs' standing to bring them. Plaintiffs had plenty of time to do so. After all, there is a four-year limitation period for federal RICO claims. See, e.g., Agency

Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 156 (1987); Pincay v. Andrews, 238 F.3d 1106, 1108 (9th Cir. 2001). And the conduct alleged in the Complaint is well within the four-year period.

Instead, the filing of their ill-conceived RICO Complaint on December 1 suggests that it probably had much more to do with forcing one of the Defendant Judges to cancel a hearing set for the following week concerning the County Attorney's ongoing conflict of interest. But whatever the reason, the Complaint should be dismissed and the dismissal should be with prejudice. This Court has more than enough legitimate cases to deal with.

RESPECTFULLY SUBMITTED this 15th day of December, 2009.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By /s/ James A. Ryan
Don P. Martin
James A. Ryan
Nicole France Stanton

*Attorneys for Defendants Polsinelli Shughart P.C., Thomas Irvine, and Edward Novak*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Lisa M. Aubuchon
Deputy County Attorney
100 West Washington, Suite 2100
Phoenix, Arizona 85003
aubuchon@mcao.maricopa.gov

I further certify that on December 15, 2009, I electronically served the attached document on the following:

Jose De Jesus Rivera
Haralson, Miller, Pitt, Feldman & McAnally, P.L.C.
2800 North Central Avenue, Suite 840
Phoenix, Arizona 85004
jrivera@hmpmlaw.com
*Counsel for the Honorable Anna Baca*

Stephen W. Tully
John L. Condrey,
Gordon & Rees, LLP
111 West Monroe Street, Suite 1111
Phoenix, Arizona 85003
stully@gordonrees.com
jcondrey@gordonrees.com
*Counsel for Maricopa County Board of Supervisors; Fulton Brock, Supervisor; Andrew Kunasek, Supervisor; Donald T. Stapley, Jr., Supervisor; Mary Rose Wilcox, Supervisor; Max Wilson, Supervisor; David Smith, County Manager; Sandi Wilson, Deputy County Manager; and Wade Swanson, Office of General Litigation*

Michael L. Parrish
Stinson, Morrison, Hecker, LLP
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004
mparrish@stinson.com
*Counsel for the Honorable Barbara R. Mundell*

Gary L. Birnbaum
Mariscal, Weeks, McIntyre & Friedlander, P.A.
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012
Gary.birnbaum@mwmf.com
*Counsel for The Honorable Gary Donahoe*

James Belanger
Coppersmith Schermer & Brockelman, PLC
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
jbelanger@csblaw.com
*Counsel for The Honorable Kenneth Fields*

/s/ Kelly Thwaites