James J. Belanger (#011393)
Samuel G. Coppersmith (#009057)
Jill J. Chasson (#019424)
COPPERSMITH SCHERMER & BROCKELMAN PLC
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
jbelanger@csblaw.com
scoppersmith@csblaw.com
jchasson@csblaw.com
(602) 224-0999

*Attorneys for Defendant The Honorable Kenneth Fields*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph M. Arpaio, in his official capacity as Maricopa County Sheriff, and Andrew P. Thomas, in his official capacity as Maricopa County Attorney,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Maricopa County Board of Supervisors, a body politic and corporate; Fulton Brock, Supervisor, Maricopa County Board of Supervisors; Andrew Kunasek, Supervisor, Maricopa County Board of Supervisors; Donald T. Stapley, Jr. Supervisor, Maricopa County Board of Supervisors; Mary Rose Wilcox, Supervisor, Maricopa County Board of Supervisors; Max Wilson, Supervisor, Maricopa County Board of Supervisors; David Smith, County Manager; Sandi Wilson, Deputy County Manager; Wade Swanson, Office of General Litigation; Barbara R. Mundell, Judge of the Superior Court of Arizona, Anna Baca, Judge of the Superior Court of Arizona, Gary Donahoe, Judge of the Superior Court of Arizona, Kenneth Fields, Judge of the Superior Court of Arizona, in their official capacities; Thomas Irvine, attorney; Edward Novak, attorney; and Polsinelli Shughart P.C.,<br><br>　　　　　　Defendants. | NO. CV 09-02492-PHX-GMS<br><br>**MOTION TO DISMISS OF THE HONORABLE KENNETH FIELDS** |

**MOTION**

Pursuant to Fed. Rs. Civ. P. 12(b)(1) and 12(b)(6), defendant Hon. Kenneth Fields hereby moves to dismiss the Complaint in this matter. For the reasons set forth in the following Memorandum of Points and Authorities and in the Motions to Dismiss filed by judges Hon. Anna Baca ("Baca Motion"), Hon. Gary Donahoe ("Donahoe Motion"), and Hon. Barbara Mundell ("Mundell Motion"), the Complaint should be dismissed with prejudice at least as to Judge Fields and the other judges. Judge Fields also joins in the Motions to Dismiss filed by the Polsinelli Defendants and the County Defendants in support of dismissal of the Complaint as to all defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Kenneth Fields is a retired judge of the Arizona Superior Court in Maricopa County. Since retiring, Judge Fields has accepted periodic assignments from the Superior Court to preside over both civil and criminal matters. In December 2008, Judge Mundell, as the Presiding Civil Judge, assigned Judge Fields to a criminal case investigated by the Maricopa County Sheriff's Office and brought by the Maricopa County Attorney against Maricopa County Supervisor Donald Stapley (the "Stapley Case"). In an August 24, 2009 ruling, Judge Fields denied Mr. Stapley's motion to dismiss the entire indictment on constitutional grounds, but partially granted Mr. Stapley's separate motion to dismiss on statutory grounds and dismissed 51 of the 118 counts in the indictment.[1]

For this, Plaintiffs Andrew Thomas and Joseph Arpaio have branded Judge Fields a "racketeer." Unwilling to accept that they might simply be wrong on this and other issues, Plaintiffs Thomas and Arpaio, supposedly acting in their official capacities, have haled Judge Fields into federal court and accused him of participating in a vast and amorphous conspiracy

---

[1] Judge Fields' four-page minute entry in the Stapley Case (Maricopa County Superior Court Case No. CR2008-009242) is attached as Exhibit A. The Court can take judicial notice of this public record without converting Judge Fields' motion to dismiss into a motion for summary judgment. *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

with three other Superior Court judges, the entire Maricopa County Board of Supervisors, numerous other Maricopa County officials, and two private attorneys and their law firm.

For the reasons set forth below, the Complaint should be dismissed as to Judge Fields.

## II.   THE ALLEGATIONS AGAINST JUDGE FIELDS

Judge Fields has been sued in this action in his "official capacity" as a judge of the Superior Court. [Complaint, p. 2 and ¶ 22] The specific allegations against Judge Fields are relatively limited and pertain primarily to the Stapley Case.

First, the Complaint alleges that Judge Fields is biased against Mr. Thomas and that, after being assigned to the Stapley Case, Judge Fields did not recuse himself but instead "conspired" with Judges Baca and Mundell to remain assigned to the matter. [Complaint, ¶¶ 37-41] Relatedly, the Complaint alleges that in "written rulings and statements," Judge Fields and Judge Mundell "improperly implied that MCAO [Maricopa County Attorney's Office] attorneys had committed ethical violations simply by asking questions about, and then challenging, the selection and retention of [Judge] Fields for the Stapley case." [*Id.* ¶ 43]

Second, the Complaint alleges that Judge Fields' August 2009 minute entry in the Stapley Case, dismissing the misdemeanor counts in the indictment, was an "improper ruling, which offered reasoning never before embraced by an Arizona court." [*Id.* ¶ 62]

Finally, the Complaint alleges that Judge Fields "conspired" with Judge Mundell and other Superior Court judges to "instigate" what Plaintiffs characterize as "frivolous" State Bar investigations of Mr. Thomas and other MCAO prosecutors, and that Judge Fields personally filed a complaint against Mr. Thomas with the State Bar. [*Id.* ¶¶ 31, 39][2]

All of these actions were allegedly taken (or not taken) by Judge Fields as part of a conspiracy with the other defendants and unnamed "other parties" to "facilitate the payment of public monies by the Board to the Superior Court to fund the Court Tower . . . in exchange for the hindering and providing prosecution [sic] from criminal investigation and prosecution" for Donald Stapley and other defendants. [*Id.* ¶ 33]

---

[2] Although the allegations of the Complaint must be taken as true on a motion to dismiss, Judge Fields denies ever filing a complaint about Mr. Thomas with the State Bar of Arizona or "instigating" any State Bar investigation of Mr. Thomas.

3

## III. ARGUMENT

As noted above, Judge Fields joins in the other defendants' respective Motions to Dismiss. In the interest of brevity, the arguments in those motions relating to Plaintiffs' lack of standing, Plaintiffs' failure to file a notice of claim, the applicability of the *Rooker-Feldman* doctrine, the insufficiency of the Complaint under 18 U.S.C. § 1962 and the pleading requirements of *Twombly* and *Iqbal*, and the futility of amending the Complaint will not be repeated here. This Motion instead focuses upon the application of the Eleventh Amendment and principles of absolute immunity to Judge Fields.

### A. The Eleventh Amendment Bars this Suit for Money Damages Against Judge Fields.

Judge Fields joins, and incorporates here by reference, the arguments of Judges Donahoe and Mundell that the Eleventh Amendment to the United States Constitution bars Plaintiffs' Complaint as to the judicial defendants because they are employees of the State of Arizona. [Donahoe Motion at 10-12; Mundell Motion at 7-10]

The U.S. Supreme Court "has consistently held that," under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens, as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Although certain narrow exceptions to this rule exist, such as when a plaintiff seeks only prospective injunctive relief, this case does not fall into any of those recognized exceptions.

For purposes of Eleventh Amendment immunity, the "State" includes not just the state itself, but also state agencies and state officials for actions taken in their official capacities. *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). As reflected in the caption and Paragraphs 19-22 of the Complaint, Plaintiffs have sued Judge Fields and Judges Mundell, Baca and Donahoe "in their official capacities" as judges or retired judges of the Superior Court. Although Plaintiffs have referred to Judge Fields and the other judicial defendants as judges of the "Maricopa County Superior Court," the Superior Court is a unified state court, not a

county court. Ariz. Const. art. 6, §§ 1, 13. Under the Arizona Constitution, therefore, Judge Fields is a "state official."

Further, Plaintiffs seek only money damages from the defendants. [Complaint, Prayer for Relief, ¶ 1 (p.18)] As Judge Donahoe rightly points out, any award of damages against the judicial defendants would be paid with state funds from the state treasury. [Donahoe Motion at 11] This is precisely the result prohibited by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) ("a federal court's remedial power, consistent with the Eleventh Amendment, . . . may not include a retroactive award which requires the payment of funds from the state treasury"); *see also Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1349 (9th Cir. 1981) ("the source from which the sums sought by the plaintiff must come is the most important single factor in determining whether the Eleventh Amendment bars federal jurisdiction").

The District of Arizona has recent experience applying the Eleventh Amendment to dismiss claims against the Arizona Superior Court and its judges. *See, e.g., Jimenez v. Newell*, No. CV-09-998-PHX-DGC, 2009 WL 4673575, *2 (D. Ariz. Dec. 3, 2009) (dismissing suit against two Superior Court judges for Maricopa County based on Eleventh Amendment and judicial immunity); *Sharkozy v. Superior Court of Gila County*, No. CV-08-0637-PHX-FJM, 2008 WL 2326309, *1 (D. Ariz. June 3, 2008) (holding, in a case alleging that the Superior Court and one of its judges in Gila County had "broken our laws," "made illegal decisions" and "treated [plaintiff] unfairly, " that "any claims against the Superior Court or Judge Cahill in his official capacity are barred by the Eleventh Amendment").[3]

This case may involve two Plaintiffs who are more sophisticated and experienced litigants than the pro se plaintiffs in *Jimenez* and *Sharkozy*, but the result can be no different. The Eleventh Amendment deprives this Court of subject matter jurisdiction over Plaintiffs' federal RICO claim against Judge Fields and the other Superior Court judges, so the Complaint must be dismissed as to those defendants.

---

[3] If these Plaintiffs are able to evade the constitutional bar to their claims for money damages, this Court should expect to see copycat lawsuits from other discontented litigants, including prisoners unhappy with having been charged with or convicted of a crime.

**B.     Judge Fields Has Absolute Immunity from Plaintiffs' RICO Claim.**

Even if the Eleventh Amendment were not a complete bar to Plaintiffs' claim against Judge Fields, the Complaint still must be dismissed as a matter of law because Judge Fields is absolutely immune for the acts about which Plaintiffs complain. Absolute judicial immunity insulates him from litigation challenging his judicial acts in the Stapley Case, and Arizona law makes submitting a complaint to the State Bar about alleged unethical conduct by an attorney absolutely privileged as well.

### 1. Judicial Immunity Requires Dismissal of the Complaint Against Judge Fields.

The principles of absolute judicial immunity set forth in the Baca, Donahoe and Mundell Motions to Dismiss apply equally to Judge Fields. [Baca Motion at 3-9; Donahoe Motion at 12-14; Mundell Motion at 10-13]  Judge Fields adopts those arguments by reference, and amplifies them below.

Judicial immunity, a doctrine recognized in United States jurisprudence since at least 1872, protects judges not just from damages liability, but from being sued altogether, for acts taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stone v. Baum*, 409 F.Supp. 2d 1164, 1174 (D. Ariz. 2005). A judge loses immunity only if his actions were performed in the "complete absence of all jurisdiction" or the acts were not "judicial" in nature. *Mireles*, 502 U.S. at 11-12; *see also Stump v. Sparkman*, 435 U.S. 349, 356 n.6 (1978) (drawing a "distinction between excess of jurisdiction and the clear absence of all jurisdiction over the subject matter," and making clear that immunity is lost only in the latter situation). Neither scenario is present here; accordingly, Judge Fields is absolutely immune from liability for his judicial acts in the Stapley Case.

First, Judge Fields had subject matter jurisdiction over the Stapley Case, and the Complaint contains no allegation to the contrary. As set forth in Judge Baca's Motion to Dismiss, the Superior Court of Arizona is a single unified trial court of general jurisdiction and has original jurisdiction over felony cases, and Presiding Judge Mundell had wide latitude in determining the judge to whom the Stapley Case would be assigned. [Baca Motion at 5-7]

As such, the Superior Court for Maricopa County – and Judge Fields, as the assigned judge – had proper, original and broad jurisdiction over the Stapley Case. *See Stump,* 435 U.S. at 355-56 ("judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts") (citation and quotation marks omitted); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc) ("Jurisdiction should be construed broadly to effectuate the policies supporting immunity.").

Other than the alleged filing of a complaint with the State Bar (which, as explained infra at pp. 9-10, is covered by a separate immunity doctrine), all of the alleged acts by Judge Fields about which Plaintiffs complain pertain to various aspects of his handling of the Stapley Case in his official capacity. [Complaint ¶¶ 41, 43, 62] Those acts were well within Judge Fields' subject matter jurisdiction.

Second, the Complaint itself illustrates that Judge Fields' acts relating to the Stapley Case were judicial (as opposed to administrative or executive) in nature. The United States Supreme Court has stated that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Thus, the focus is on the "'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 13; *see also Forrester v. White*, 484 U.S. 219, 227 (1988) ("immunity is justified and defined by the functions it protects and serves").

Here, Plaintiffs complain that Judge Fields (1) despite alleged bias against Mr. Thomas, did not recuse himself from the Stapley Case and conspired with Judges Baca and Mundell to remain assigned to the case; (2) implied in unspecified "written rulings and statements" that MCAO attorneys had acted unethically by questioning and challenging his selection and retention for the Stapley Case; and (3) issued an "improper ruling" partially granting Mr. Stapley's motion to dismiss certain counts in the indictment, applying "reasoning never before embraced by an Arizona court." [Complaint, ¶¶ 37-41, 43, 62] All of these acts were judicial. The Plaintiffs obviously disagree with the results of the acts themselves, but decisions, rulings

or statements about whether recusal is appropriate and whether to grant a party's motion to dismiss are unquestionably "function[s] normally performed by a judge," and there is no dispute that the MCAO and Mr. Stapley "dealt with [Judge Fields] in his judicial capacity" with respect to the decisions in question. *Stump*, 435 U.S. at 362; *see also Barrett v. Harrington*, 130 F.3d 246, 257 (6th Cir. 1997) (describing the "rendering of judgments, orders and other acts of actual adjudication" as "examples of acts which are directly involved in judicial decision making," and recognizing "controlling the courtroom" and "the assignment of cases" as other judicial acts); *Stanley v. Posner*, No. 09-223-DRH, 2009 WL 1097787, * 2 (S.D. Ill. Apr. 22, 2009) ("A judge's decision in a case before him is considered a judicial action.") (citing *John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990)).

At bottom, Plaintiffs have pursued this action against Judge Fields and his fellow judges because they ostensibly believe certain decisions were erroneous and/or have affected them adversely. But that is the paradigmatic situation in which judicial immunity applies: "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

The usual course for litigants who believe a judge has made errors in procedure or in applying the law is to appeal the decision. These Plaintiffs have instead chosen to believe, and to allege in this Court, that they are victims of a far-reaching conspiracy. However, Plaintiffs' speculations about "illicit purposes" and a conspiracy among the defendants are insufficient to overcome judicial immunity. *See, e.g., Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"); *Pierson*, 386 U.S. at 554 ("immunity applies even when the judge is accused of acting maliciously and corruptly"); *Ashelman*, 793 F.2d at 1078 ("allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence"); *DiGiambattisa v. McGovern*, No. 92-1168, 1992 WL 214444, *1 (1st Cir. Sept. 4, 1992) (affirming dismissal of plaintiff's civil RICO claim against four state probate court judges on grounds of judicial immunity); *Rolfes v. MBNA America Bank N.A.*, 416

F.Supp. 2d 745, 749 (D.S.D. 2005) (holding that state court judge who entered summary judgment against plaintiff was immune from plaintiff's RICO claim).

As the U.S. Supreme Court stated more than 40 years ago:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967). The need for immunity in controversial cases where emotions may run high was again emphasized by the Supreme Court in 1988:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have. . . . If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.

*Forrester*, 484 U.S. at 226-27. There appears to be little doubt that the highly publicized Stapley Case has "arouse[d] the most intense feelings in the litigants," and Plaintiffs' lawsuit against Judge Fields and the other judicial defendants is, perhaps, the misdirected venting of "unsatisfied litigants." That is all the more reason for this Court to follow the long-established principles of judicial immunity, intended as they are to stem the "avalanche of suits, most of them frivolous but vexatious," and dismiss the Complaint as to Judge Fields.

### 2. Arizona Law Provides Absolute Immunity for Filing State Bar Complaints.

In addition to his judicial acts in the Stapley Case, Plaintiffs also complain that Judge Fields "filed a frivolous complaint with the State Bar against Thomas" and conspired with Judge Mundell and other Superior Court judges to "instigate" State Bar investigations of Mr. Thomas and other MCAO prosecutors. [Complaint ¶¶ 31, 39][4]

---

[4] Mr. Thomas makes no allegation that he has suffered any actual injury from such complaints or investigations; *i.e.*, that any alleged investigations resulted in discipline or that his license to practice law was revoked or limited in any way. Indeed, the Complaint indicates just the opposite, averring that all of the investigations were dismissed. [Complaint ¶ 31]

Judge Fields denies making any complaint about Mr. Thomas to the State Bar, whether alone or with others, but even if the Court assumes Plaintiffs' allegation to be true, Judge Fields – or any other person filing a Bar complaint – is immune from liability. For nearly 30 years, the filing of a complaint with the State Bar has been protected by an absolute privilege under Arizona law. *Drummond v. Stahl*, 127 Ariz. 122, 126, 618 P.2d 616, 620 (Ct. App. 1980) (holding that "there is an absolute privilege extended to anyone who files a complaint with the State Bar alleging unethical conduct by an attorney"). The Arizona Court of Appeals later compared the immunity that attaches to the filing of State Bar complaints to the absolute immunity accorded to judges. *See Ashton-Blair v. Merrill*, 187 Ariz. 315, 317, 928 P.2d 1244, 1246 (Ct. App. 1996) ("Because the Arizona State Bar acts in a judicial capacity in dealing with attorneys' conduct, an absolute judicial privilege protects anyone who files a complaint with the organization.").

The policy and legal reasons for this privilege are not difficult to comprehend; in fact, they are illustrated by the Plaintiffs' lawsuit. As the Arizona Court of Appeals recognized in adopting the absolute privilege, any lesser or qualified immunity "would permit a civil action against anyone who has complained to the State Bar and subject such complainant to the full, expensive scope of discovery and litigation, thus 'chilling' the motivation of those who believe they have knowledge of improper legal behavior." *Drummond*, 127 Ariz. at 126, 618 P.2d at 620. In words that presaged the current situation, the Court of Appeals also observed that "the absence of an absolute privilege may spawn collateral litigation." *Ashton-Blair*, 187 Ariz. at 318, 928 P.2d at 1247. Although the Court of Appeals was then speaking of defamation claims, the logic is equally applicable to Mr. Thomas' attempt to fashion a RICO claim based in part on an alleged "conspiracy" to complain about him to the State Bar.

Accordingly, Judge Fields and Judge Mundell (and the other unnamed judges referenced in the Complaint) are absolutely immune from liability for any complaints made to the State Bar about Mr. Thomas or other MCAO prosecutors.

## CONCLUSION

Plaintiffs' Complaint is fatally flawed for a host of reasons, including their lack of standing, their failure to file a notice of claim, the insufficiency of their pleadings and failure to state a claim under RICO, the *Rooker-Feldman* jurisdictional bar, the Eleventh Amendment's prohibition on damages suits against state officials, and the absolute immunity accorded by federal and state law to judicial acts and State Bar complaints.  If the Plaintiffs feel wronged by the judicial actions of Judge Fields and the other Superior Court judges named in this suit, they must follow the course required of all other dissatisfied litigants and file an appeal.  They cannot, however, turn their disappointment into a RICO claim.  Accordingly, the Complaint against Judge Fields should be dismissed with prejudice and without delay.

**DATED:**  December 29, 2009.

COPPERSMITH SCHERMER & BROCKELMAN PLC

/s/:  James J. Belanger
    James J. Belanger
    Samuel G. Coppersmith
    Jill J. Chasson
    *Attorneys for Defendant Hon. Kenneth Fields*

**Certificate of Filing and Service**

Pursuant to the Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual") of the United States District Court for the District of Arizona, I hereby certify that on the 29th day of December, 2009, my office electronically transmitted the foregoing Motion to Dismiss to the U.S. District Court clerk's office for filing.

Pursuant to Section D(2) of the CM/ECF Manual, a Notice of Electronic Filing should be sent to the assigned judge and:

Rachel R. Alexander
Deputy County Attorney
Maricopa County Attorney's Office
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
*Attorneys for Plaintiffs*

Don P. Martin
James A. Ryan
Nicole France Stanton
QUARLES & BRADY LLP
Two North Central Avenue
Phoenix, Arizona 85004-2391
*Attorneys for Defendants Polsinelli Shughart*
*P.C., Thomas Irvine and Edward Novak*

Scot L. Claus
Gary L. Birnbaum
MARISCAL WEEKS MCINTYRE & FRIEDLANDER PA
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
*Attorneys for Defendant The Honorable Gary Donahoe*

Michael L. Parrish
James M. Torre
STINSON MORRISON HECKER LLP
1850 North Central Avenue
Suite 2100
Phoenix, Arizona 85004-4584
*Attorneys for Defendant The Honorable Barbara R. Mundell*

1 | Jose De Jesus Rivera
Stephen Portell
2 | HARALSON, MILLER, PITT, FELDMAN
3 | & McANALLY, P.L.C.
2800 North Central Avenue, Suite 840
4 | Phoenix, Arizona 85004-1069
*Attorneys for Defendant The Honorable Anna Baca*
5 |

6 | Stephen W. Tully
John L. Condrey
7 | GORDON & REES, LLP
111 West Monroe, Suite 1111
8 | Phoenix, Arizona 85003
9 | *Attorneys for Defendants Maricopa County Board of*
*Supervisors; Fulton Brock, Andrew Kunasek, Donald T.*
10 | *Stapley, Jr., Mary Rose Wilcox, Max Wilson, Supervisors;*
*David Smith, County Manager; Sandi Wilson, Deputy*
11 | *County Manager; and Wade Swanson, Office of General*
12 | *Litigation*

14 | /s/ James J. Belanger

13